Complainant also argues that the attorney fees incurred as a result of bringing this complaint should not constitute an expenditure for the purposes of the limits prescribed by Canon 7. Complainant makes a valid point, insofar as treating such attorney fees as expenditures may discourage candidates from bringing complaints for violations of the Ohio Code of Judicial Conduct. However, we find that such a determination and/or amendment to the rule of expenditures should be made by the Supreme Court. Accordingly, we hereby adopt the recommendations of the hearing panel in all respects. Costs assessed to respondent.

So ordered.

## MISCELLANEOUS DISMISSALS

96–753. State v. Petty. *Clermont County*, No. CA95–05–028. This cause is pending before the court as a discretionary appeal and as a claimed appeal of right. Appellant's motion for delayed appeal was granted on May 8, 1996. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction, due June 7, 1996, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*.

96–1262. Lawson v. Fed. Correctional Inst., Inc. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed.

96–1281. Schroedel v. Fed. Correctional Inst., Inc. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed.

96–1284. State v. Haynes. *Franklin County*, No. 96APA02–131. This cause is pending before the court as a discretionary appeal and as a claimed appeal of right. Upon consideration of appellant's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

96–1293. Sebastian v. Fed. Correctional Inst., Inc. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed.

96–1295. Baur v. Carlson. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed.

*Wednesday, June 19, 1996*

## MOTION DOCKET

96–1213. State v. McGuire. *Preble County*, No. CA95–01–001. This cause is pending before the court as an appeal from the Court of Appeals for Preble County. Upon consideration of the motion of Al Edmunds and Lyn Cunningham to withdraw as counsel for appellant,

IT IS ORDERED by the court that the motion to withdraw as counsel for appellant be, and hereby is, granted.

IT IS FURTHER ORDERED by the court that the Ohio Public Defender is appointed to represent appellant, Dennis B. McGuire, and that appellant's merit brief shall be due by July 29, 1996.